# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO LOPEZ-AGUILAR, | CASE NO. 1:07-CR-00058-LJO |
| Petitioner, | **SECOND RECONSIDERATION ORDER** (Doc. 239) |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Pro se petitioner Rigoberto Lopez-Aguilar ("petitioner") is a federal prisoner and seeks reconsideration of this Court's order denying reconsideration of its dismissal of petitioner's second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). This Court dismissed petitioner's second section 2255 motion because petitioner failed to show that he obtained leave from the Court of Appeals to file a second motion. (Doc. 236). Petitioner filed a motion for reconsideration in which he argued that he did not authorize the filing of the first section 2255 motion. (Doc. 237). This Court denied petitioner's motion for reconsideration based on its determination that petitioner failed to "set forth facts . . . of a strongly convincing nature to induce the court to reverse its prior decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). (Doc. 238).

In the instant motion, petitioner requests this Court to reconsider its reconsideration order. (Doc. 239). Petitioner contends that his first section 2255 motion was actually filed pursuant to 28 U.S.C. §

1

1  2241 ("section 2241"). Petitioner explains that he filed his section 2241 petition with the Central District
2  of California but that it was transferred to the Eastern District of California and re-characterized as a
3  section 2255 motion. Relying on *Castro v. United States*, 540 U.S. 375 (2003), petitioner contends that
4  the Court failed to warn him that the re-characterization of his petition would be subject to the restrictions
5  on second or successive section 2255 motions. *Id*. at 383.

6  Petitioner's arguments are unavailing. To begin with, petitioner's first section 2255 motion was
7  never "re-characterized" as such. The document filed in the Central District is labeled as a "Motion to
8  Vacate, Set Aside or Correct Sentence By a Person in Federal Custody 28 U.S.C. § 2255." (Docs. 200,
9  201). In addition, and more importantly, the single ground raised in the motion attacks the legality of
10 petitioner's conviction and not the execution of his sentence. In petitioner's first section 2255 motion,
11 he argued that he pled guilty because he was told that his sentence would not exceed 120-months.[1] This
12 is clearly an attack on the legality of petitioner's conviction and not a challenge to the execution of his
13 sentence. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (recognizing that a section 2241
14 petition is the proper vehicle for challenging the execution of a sentence while a section 2255 motion is
15 the proper vehicle for attacking the legality of a conviction or sentence imposed). Accordingly, petitioner
16 has again failed to "set forth facts or law of a strongly convincing nature to induce the court to reverse
17 its prior decision." *Westlands Water Dist.*, 134 F. Supp. 2d at 1131.

18  This Court DENIES petitioner's motion for reconsideration. Any further motions for
19 reconsideration will be disregarded.

24  IT IS SO ORDERED.
25  **Dated:     May 8, 2012**                    /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE

---

28  [1] Petitioner was ultimately sentenced to 168-months imprisonment. (Doc. 107).